**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BANK OF AMERICA, N.A., | :<br>:<br>: CIVIL ACTION NO. 09-3068 (MLC) |
| Plaintiff, | :<br>: **MEMORANDUM OPINION** |
| v. | :<br>: |
| FRED TEICHER, et al., | :<br>: |
| Defendants. | : |

**COOPER, District Judge**

The plaintiff, Bank of America, N.A. ("BofA"), brought this action pursuant to 28 U.S.C. § 1332 against the defendants, Fred Teicher, Norma O. Teicher, Jeremy Teicher, Stuart Teicher, Ryan Teicher, and Jarmison Group, Inc. (collectively, "defendants"), alleging, inter alia, breach of contract. (Dkt. entry no. 12, Am. Compl. at 4-6.) BofA now moves for summary judgment in its favor on its breach of contract claim. (Dkt. entry no. 16.)

The defendants have not opposed BofA's motion for summary judgment, despite their invocation of Local Civil Rule 7.1(d)(5) for an automatic extension of the return date of the motion, which also extended the time for the defendants to file their opposition papers to January 19, 2010. (See dkt. entry no. 17, Defendants' Counsel Letter dated 1-4-10.) The time for the defendants to oppose BofA's motion for summary judgment has passed, although the defendants did file answers to both the Complaint and Amended Complaint. (Dkt. entry no. 8, Answer; dkt.

entry no. 14, Answer to Am. Compl.)  The Court determines the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  For the reasons stated herein, the Court will grant in part and deny without prejudice in part BofA's motion for summary judgment in its favor on its breach of contract claim.

## BACKGROUND

BofA is a national banking association with its principal place of business in Charlotte, North Carolina.  (Am. Compl. at ¶ 3.)[1]  The defendants are citizens of New Jersey.  (Id. at ¶¶ 4-9; Answer to Am. Compl. at ¶¶ 4-9.)  BofA and the defendants entered into a Line of Credit Loan Agreement ("Loan Agreement") on July 20, 2006.  (Dkt. entry no. 16, Pl. Stmt. of Undisputed Facts at ¶ 2; Aff. of Carol Dyer ("Dyer Aff.") at ¶ 4 & Ex. A, Loan Agreement.)  The Loan Agreement, signed by each of the defendants, provided that BofA would advance up to $2,000,000 to

---

[1] "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  National banking associations are "corporate entities chartered not by any State, but by the Comptroller of the U.S. Treasury."  Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006).  A national bank is "located" for purposes of jurisdiction under 28 U.S.C. § 1332 in the state designated in its articles of association as the locus of its main office.  Id. at 317-19 & n.9 (observing that while § 1348 "does not refer to 'principal place of business'. . . [t]he absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case . . . the location of a national bank's main office and of its principal place of business coincide.").

the defendants. (Loan Agreement at 19.) The defendants also executed a Promissory Note for $2,000,000 on July 20, 2006. (Dyer Aff., Ex. B, Promissory Note.) The Promissory Note provides that each of the signatories are jointly and severally liable for payment of the indebtedness evidenced by the Promissory Note. (Id. at 4.) Under the terms of the Promissory Note, any advances made under the Loan Agreement were to become due and payable one year after the date on which each such advance was made, along with any unpaid accrued interest. (Id. at 1.) The Loan Agreement was later modified by a Letter Agreement dated November 30, 2007. (Dyer Aff., Ex. C, Letter Agreement (collectively, the Loan Agreement, Promissory Note, and Letter Agreement comprising the "Loan Documents").)

Carol Dyer is a Senior Portfolio Officer for BofA. Her affidavit explains the defendants' borrowing history as to the loans at issue:

> On November 30, 2007, BofA made two (2) separate advances to the Defendants in the total amount of $850,000 in accordance with the terms of the Loan Documents (collectively, "Loan No. 1"). On January 3, 2008, BofA advanced $400,000 to the Defendants in accordance with the terms of the Loan Documents ("Loan No. 2"). On January 17, 2008, BofA advanced $450,000 to the Defendants in accordance with the terms of the Loan Documents ("Loan No. 3"). On January 18, 2008, the Defendants paid $250,000 to BofA which was applied to the outstanding principal portion of Loan No. 1, leaving Loan No. 1 with a principal balance of $600,000. On February 12, 2008, BofA advanced $200,000 to the Defendants in accordance with the terms of the Loan Documents ("Loan No. 4"). On March 11, 2008, BofA

      advanced $200,000 to the Defendants in accordance with the terms of the Loan Documents ("<u>Loan No. 5</u>" and together with Loan No. 1, Loan No. 2, Loan No. 3, and Loan No. 4, collectively, the "<u>Loans</u>" and, each, a "<u>Loan</u>").

(Dyer Aff. at ¶ 6.)

BofA contends that the defendants have failed to pay BofA the amounts due in connection with each of the Loans since each Loan matured a year from the date it was advanced, and thus have defaulted on each of the Loans. (<u>Id.</u> at ¶ 8.) BofA demanded that the defendants pay all amounts due under the terms of the matured Loans, including all principal and accrued interest. (<u>Id.</u> at ¶ 9.) The defendants admit that Loans 2, 3, 4, and 5 became due and payable, and that they failed to pay BofA the amounts due. (Answer to Am. Compl. at ¶¶ 13-16, 19-22.) Although the Loan Documents permit BofA to charge late fees and recover attorneys' fees and other expenses associated with the defaults, BofA seeks a judgment limited to the amount of the principal balance of the Loans, $1,850,000, plus the total of unpaid accrued and accruing interest at the non-Past Due Rate.[2]

---

[2] The Amended Complaint demands judgment against the defendants in the amount of principal plus "accrued and accruing interest (<u>at the Past Due Rate</u>), attorneys' fees, costs and any other amounts due under the Loan Documents." (Am. Compl. at ¶ 27 (emphasis added).) The plaintiff's motion for summary judgment, however, "seeks entry of a judgment in the amount of the principal balance of the Loans ($1,850,000.00), plus accrued interest <u>at the non-Past Due Rate</u> set forth in the Note," and does not seek attorneys' fees or other expenses that would be otherwise recoverable under the Loan Documents. (Dkt. entry no. 16, BofA Br. at 3 (emphasis added); Dyer Aff. at ¶¶ 10-12.)

Interest continues to accrue on the Loans at a rate of 3.25% per annum, or $166.99 per diem.  (Id. at ¶¶ 13-20.)

## DISCUSSION

### I.  Summary Judgment Standard

The standard for a motion for summary judgment is well-settled and will be briefly summarized here.  Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor."  United States ex rel. Josenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009) (citing Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001)).

A movant is not automatically entitled to summary judgment simply because the non-movant does not oppose the motion. Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).  Instead, Rule 56(e) provides that the Court may grant the unopposed motion "if appropriate."  Fed.R.Civ.P. 56(e)(2); see also Anchorage Assocs., 922 F.2d at 175; Kadetsky v. Egg Harbor Twp. Bd. of Educ., 164 F.Supp.2d 425, 432 (D.N.J. 2001) ("Even where the non-moving party has failed to establish a

5

triable issue of fact, summary judgment will not be granted unless 'appropriate.'"). An unopposed motion is appropriately granted when the movant is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175.

"If the nonmoving party fails to oppose the motion [for summary judgment] by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Kadetsky, 164 F.Supp.2d at 431 (quotations and citations omitted). Further, even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Stasicky v. S. Woods State Prison, No. 03-369, 2007 WL 1723467, at *6 (D.N.J. June 12, 2007) (alteration in original) (quotation and citation omitted).

## II. Legal Standard Applied Here

By its terms, the Loan Agreement is governed by, and construed under, the laws of New Jersey. (Loan Agreement at § 9.2.) To prevail on a breach of contract claim, a plaintiff must prove "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations."

6

Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) (citing Video Pipeline, Inc. v. Buena Vista Home Entm't, 210 F.Supp.2d 552, 561 (D.N.J. 2002)).[3]

The defendants do not dispute the existence of a contract with BofA, and the record contains the pertinent Loan Documents, executed by the defendants.  The defendants also do not deny that BofA performed its own contractual obligations.  (See Am. Compl. at ¶ 26; Answer to Am. Compl. at ¶ 26.)  Thus, both the first and fourth elements of the breach of contract claim are satisfied here.

A genuine issue of material fact exists, however, with respect to the second and third elements.  While the defendants admit to failing to repay Loan Nos. 2-5, and it is thus undisputed that BofA has suffered damages with respect to those loans, the defendants deny BofA's allegations regarding Loan No. 1.  (See Am. Compl. at ¶¶ 12, 18; Answer to Am. Compl. at ¶¶ 12, 18 ("To the extent the allegations in [¶ 18 of the Amended Complaint that Loan No. 1 matured on November 30, 2008, and defendants failed to pay BofA the amounts due] are deemed to be factual, Defendants deny those allegations.").)  BofA has not

---

[3] BofA contends in its brief that it is entitled to summary judgment because it "has established a prima facie claim for breach of contract."  (BofA Br. at 7-8.)  This contention misstates the standard of proof BofA bears at the summary judgment stage, which requires BofA to demonstrate that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c)(2).

submitted any evidence addressing the defendants' denial of indebtedness as to Loan No. 1.[4]  The Court therefore declines to enter judgment in favor of BofA on Loan No. 1 at this juncture.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will grant in part BofA's motion for summary judgment on its breach of contract claim.  The motion will be denied without prejudice as to Loan No. 1 and granted as to Loan Nos. 2-5.  BofA will be granted leave to move again for summary judgment in its favor as to Loan No. 1, and will be directed to address the effect of such relief on BofA's Second Claim (Book Account) and Third Claim (Unjust Enrichment) in support of such motion. The Court will issue an appropriate order and judgment.

                                        s/Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:    February 23, 2010

---

[4] The Loan Agreement indicates that BofA should have in its possession relevant documents evidencing the defendants' alleged liability and default on Loan No. 1, including requests for credit, borrowing notices, or disbursement or payment records. (Loan Agreement at §§ 3.1-3.2.)  The Court reviewed the record, and found no such documents that could support a conclusion that BofA is entitled to judgment as a matter of law with regard to Loan No. 1.