**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | CIVIL ACTION NO. 09-3068 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| FRED TEICHER, et al., | : | |
| Defendants. | : | |

**COOPER, District Judge**

The plaintiff, Bank of America, N.A. ("BofA"), brought this action pursuant to 28 U.S.C. § 1332 against the defendants, Fred Teicher, Norma O. Teicher, Jeremy Teicher, Stuart Teicher, Ryan Teicher, and Jarmison Group, Inc. (collectively, "defendants"), alleging, <u>inter</u> <u>alia</u>, breach of contract.  (Dkt. entry no. 12, Am. Compl. at 4-6.)  BofA, having already been granted summary judgment as to four of the five loans forming the basis for its breach of contract claim, again moves for summary judgment in its favor as to the remaining loan.  (Dkt. entry no. 19, 2-23-10 Judgment; dkt. entry no. 23, Mot. for Summ. J.)

The defendants have not opposed BofA's motion for summary judgment, and the time for the defendants to oppose BofA's motion for summary judgment has expired.  The Court determines the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  For the reasons stated

herein, the Court will grant BofA's motion for summary judgment in its favor on the remaining loan at issue in its breach of contract claim.

## BACKGROUND

BofA and the defendants entered into a Line of Credit Loan Agreement ("Loan Agreement") on July 20, 2006. (Dkt. entry no. 23, Pl. Stmt. of Undisputed Facts at ¶ 2; Aff. of Carol Dyer ("Dyer Aff.") at ¶ 4 & Ex. A, Loan Agreement.) The Loan Agreement, signed by each of the defendants, provided that BofA would advance up to $2,000,000 to the defendants. (Loan Agreement at 19.) The defendants also executed a Promissory Note for $2,000,000 on July 20, 2006. (Dyer Aff., Ex. B, Promissory Note.) The Promissory Note provides that each of the signatories are jointly and severally liable for payment of the indebtedness evidenced by the Promissory Note. (Id. at 4.) Under the terms of the Promissory Note, any advances made under the Loan Agreement were to become due and payable one year after the date on which each such advance was made, along with any unpaid accrued interest. (Id. at 1.) The Loan Agreement was later modified by a Letter Agreement dated November 30, 2007. (Dyer Aff., Ex. D, Letter Agreement (collectively, the Loan Agreement, Promissory Note, Transaction History and Letter Agreement comprising the "Loan Documents").)

BofA issued a total of five loans to the defendants pursuant to the Loan Agreement, four of which the defendants admittedly defaulted upon. (Am. Compl. at ¶¶ 18-22; dkt. entry no. 12, Answer to Am. Compl. at ¶¶ 19-22.)[1]  Loan No. 1 is currently the only loan at issue.  Carol Dyer is a Senior Portfolio Officer for BofA.  Her affidavit explains the defendants' borrowing history as to Loan No. 1:

> On November 30, 2007, BofA made two (2) separate advances (one for $250,000.00 and one for $600,000.00) to the Defendants in the total amount of $850,000.00 in accordance with the terms of the Loan Documents (collectively "Loan No. 1").  On January 18, 2008, the Defendants repaid $250,000.00 to BofA which was applied to the $250,000.00 advance made under Loan No. 1, leaving Loan No. 1 with a principal balance of $600,000.00.

(Dyer Aff. at ¶ 6.)

BofA contends that the defendants have failed to pay BofA the amount due in connection with Loan No. 1 since it matured a year from the date it was advanced, and have thus defaulted on this loan.  (BofA Br. at 3.)  BofA demanded that the defendants pay all amounts due under the terms of the matured loan, including all principal and accrued interest.  (Dyer Aff. at ¶ 9.)  Although the Loan Documents permit BofA to charge late fees

---

[1] The Court previously entered summary judgment in favor of BofA with respect to Loan No. 2, Loan No. 3, Loan No. 4, and Loan No. 5.  (2-23-10 Judgment.)  In the 2-23-10 Judgment, the Court granted BofA leave to move again for summary judgment on its breach of contract claim with regard to Loan No. 1.  (Id.)

3

and recover attorneys' fees and other expenses associated with the defaults, BofA seeks a judgment limited to the amount of the principal balance of Loan No. 1, $600,000, plus the total of unpaid accrued and accruing interest at the non-past due rate. (Id. at ¶ 14.)  As of April 6, 2010, the unpaid accrued interest totaled $46,133.33, having accrued between November 30, 2007 and April 6, 2010, at a rate between 3.25% and 7.50%.  (Id. at ¶¶ 13-14.)  Interest continues to accrue on the loan at a rate of 3.25% per annum, or $54.16 per diem.  (Id. at ¶ 14).

## DISCUSSION

### I. Summary Judgment Standard

The standard for a motion for summary judgment is well-settled and will be briefly summarized here.  Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor."  United States ex rel. Josenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009) (citing Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001)).

A movant is not automatically entitled to summary judgment simply because the non-movant does not oppose the motion. Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). Instead, Rule 56(e) provides that the Court may grant the unopposed motion "if appropriate." Fed.R.Civ.P. 56(e)(2); see also Anchorage Assocs., 922 F.2d at 175; Kadetsky v. Egg Harbor Twp. Bd. of Educ., 164 F.Supp.2d 425, 432 (D.N.J. 2001) ("Even where the non-moving party has failed to establish a triable issue of fact, summary judgment will not be granted unless 'appropriate.'"). An unopposed motion is appropriately granted when the movant is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175.

"If the nonmoving party fails to oppose the motion [for summary judgment] by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Kadetsky, 164 F.Supp.2d at 431 (quotations and citations omitted). Further, even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Stasicky v. S. Woods State Prison, No. 03-369, 2007 WL 1723467, at *6 (D.N.J.

June 12, 2007) (alteration in original) (quotation and citation omitted).

## II.  Legal Standard Applied Here

By its terms, the Loan Agreement is governed by, and construed under, the laws of New Jersey.  (Loan Agreement at § 9.2.)  To prevail on a breach of contract claim, a plaintiff must prove "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007).[2]

The defendants do not dispute the existence of a contract with BofA, and the record contains the pertinent Loan Documents, executed by the defendants.  The defendants also do not deny that BofA performed its own contractual obligations.  (See Am. Compl. at ¶ 26; Answer to Am. Compl. at ¶ 26.)  Thus, both the first and fourth elements of the breach of contract claim are satisfied here.

The defendants deny having borrowed the $850,000 amount advanced by BofA through Loan No. 1, and thus further deny that any default has occurred with respect thereto.  (Answer to Am.

---

[2] BofA contends in its brief that it is entitled to summary judgment because it "has established a prima facie claim for breach of contract."  (BofA Br. at 6-7.)  This contention misstates the standard of proof BofA bears at the summary judgment stage, which requires BofA to demonstrate that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c)(2).

Compl. at ¶¶ 12, 18 ("To the extent the allegations in [¶ 18 of the Amended Complaint that Loan No. 1 matured on November 30, 2008, and defendants failed to pay BofA the amounts due] are deemed to be factual, Defendants deny those allegations.").) Despite this denial, we find that the record conclusively establishes elements two and three of BofA's breach of contract claim.

The transaction history between BofA and the defendants indicates that two separate transactions occurred on November 30, 2007, by which the defendants were advanced $250,000 and $600,000 respectively.  (Dyer Aff. at ¶ 6, Ex. C, Transaction History.) It further indicates that the defendants repaid $250,000 toward the outstanding principal balance on Loan No. 1 on January 18, 2008.  (Id.)  This, however, was the final transaction between the parties with respect to Loan No. 1. Therefore, the record demonstrates that when the loan matured on November 30, 2008, one year from the date of its execution, the defendants had failed to repay the outstanding balance on Loan No. 1 as required by the Loan Agreement, and have since failed to contribute any amount toward this outstanding balance despite BofA's demands for payment.  (Dyer Aff. at ¶¶ 8-9.)  Thus, as it is established that the defendants have defaulted on Loan No. 1, we find that there is no genuine issue as to the facts that the defendants have

7

breached their Loan Agreement with BofA, and that BofA has suffered damages with respect to this loan.[3]

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant BofA's motion for summary judgment on its breach of contract claim against the defendants as to Loan No. 1. The Court will issue an appropriate order and judgment.

                                                                      s/Mary L. Cooper
                                                        **MARY L. COOPER**
                                                        United States District Judge

Dated:     June 11, 2010

---

[3] In the 2-23-10 Judgment, the Court directed BofA to advise the Court of the impact that judgment in its favor on Loan No. 1 would have on its remaining claims for "Book Account" (Second Claim) and Unjust Enrichment (Third Claim). BofA has failed to do so. Nevertheless, as BofA has been accorded complete relief as to its breach of contract claim, the Court will dismiss the Second Claim and Third Claim as moot. <u>See</u> <u>Las Vegas Sands Corp. v. ACE Gaming, LLC</u>, No. 06-5441, 2010 U.S. Dist. LEXIS 50891, at *34 n.25 (D.N.J. May 24, 2010) (as plaintiffs were entitled to summary judgment on their breach of contract claim, the court dismissed plaintiffs' unjust enrichment claim as moot).